UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>        Petitioner,<br><br>v.<br><br>DONNY YOUNGBLOOD,<br><br>        Respondent. | 1:10-cv-00684 OWW MJS HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 19, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court in an attempt to redress issues arising from a decision of the juvenile division of the Kern County Superior Court. (Pet. 1.) Petitioner's claims arise from the order terminating parental rights to his children. (P. & A. to Pet. 1, ECF No. 1. at 7.)

**I.**    **DISCUSSION**

    **A.**    **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner challenges an order of the Kern County Superior Court terminating his parental rights with respect to his two children. (Pet.) Petitioner does not mention the facts relating to his present custody, nor does Petitioner request relief from such custody.

Petitioner's claim is not a proper claim in a federal habeas action.  It does not address the fact or duration of his confinement. Accordingly, Petitioner is not entitled to habeas corpus relief. His petition should be dismissed.

### II. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to enter judgment and close the case.

///

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger

1   United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
2   Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District
3   of California. Within thirty (30) days after the date of service of this Findings and
4   Recommendation, any party may file written objections with the Court and serve a copy on all
5   parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings
6   and Recommendation."  Replies to the Objections shall be served and filed within fourteen
7   (14) days after service of the Objections.  The Finding and Recommendation will then be
8   submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C.
9   § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time
10  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
11  (9th Cir. 1991).

13  IT IS SO ORDERED.
14  Dated:   July 20, 2010            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE